M. ELIZA CONVERSE, Respondent, *v.* CHARLOTTE M. DILLAYE et al., Appellants.

(Argued April 16, 1875; decided June 1, 1875.)

THIS was an action to foreclose a mortgage executed by P. W. Fobes, defendants Charlotte B. Dillaye and her husband, to Ellen C. Alexander.

Fobes was agent for Miss Alexander and had moneys of hers in his hands. He took title to the premises in question, as trustee for Mrs. Dillaye, under an agreement that he should loan $3,000 of the moneys so held by him, as agent, to pay part of the purchase money, the balance of which was borrowed from a savings bank, and should execute mortgages to the bank and to Miss Alexander for the amount of the loans. He was also to sell the premises in lots and apply the proceeds first toward payment of the mortgages. The mortgages were executed, signed by Fobes, as trustee, and by Mr. and Mrs. Dillaye. A short time after one Sabine was appointed trustee for Miss Alexander, she executing to him a power of attorney to receive payment upon the mortgage. One defence to the action was payment. Defendant claimed that sufficient moneys had been received by Fobes on sales to pay the mortgage. It appeared that the moneys received by Fobes from time to time on sales and

collections were applied with her consent to the benefit of, or were paid over, to Mrs. Dillaye, except a sum retained by him as his compensation as trustee. Miss Alexander released various of the lots sold by Fobes. The latter finally .conveyed the residue unsold to Mrs. Dillaye. The referee found ·the mortgage unpaid. *Held*, that the appointment of Sabine operated to remove Fobes, as trustee for Miss Alexander; that although she might have repudiated the transaction, yet she could ratify it; and by such appointment, with power to receive payment, she did ratify it, and from that time she held the mortgage by her new trustee independent of and unaffected by the acts and declarations of Fobes; and that therefore the doctrine that moneys received by a trustee to pay and discharge a security operated as a payment, although not in fact so used, did not apply; also that the releases by Miss Alexander did not affect the question of payment, as against Mrs. Dillaye or subsequent purchasers of lots; that she had a right to release, holding the remainder as security, and was not responsible for the acts of Fobes in disposing of the money.

The trust was closed and the lands unsold were conveyed by Fobes, in pursuance of an award of arbitrators. This award stated that the mortgage was to be reduced by the application of certain mortgages received by Fobes on sales to $2,000, and its time of payment extended to a specified time. *Held*, that this award was properly given in evidence to show the amount due upon the mortgage; and this being part of the agreement by which the trust was to be closed, and the award having been carried out by a conveyance, it was binding upon the parties and those claiming under them; and that it was unnecessary to set it forth in the complaint.

*Stephen D. Dillaye* for the appellants.

*D. Pratt* for the respondent.

CHURCH, Ch. J., reads for affirmance.
All concur.
Judgment affirmed.